**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas D Falsetto, | No. CV-25-08170-PCT-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Health Net Access Incorporated, et al., | |
| Defendants. | |

Plaintiff Nicholas D. Falsetto filed a complaint, an application for leave to proceed in forma pauperis, and a motion for service. (Doc. 1, 3, 4.) Falsetto is entitled to proceed in forma pauperis, but the current complaint does not state a claim for relief. *See* 28 U.S.C. § 1915(e) (court should dismiss in forma pauperis complaint that does not state claim for relief). The complaint is dismissed with leave to amend and the motion for service is denied as moot.

The complaint consists of vague and conclusory statements without identifying what each defendant did. According to the complaint, Falsetto is a "multiply disabled individual with over a dozen documented medical and mental health conditions." (Doc. 1 at 1.) Falsetto "holds an active Serious Mental Illness (SMI) designation" that entitles him "to coordinated, timely, and medically necessary services . . . under state and federal law." (Doc. 1 at 1-2.) Defendant Health Net Access, Inc. d/b/a Arizona Complete Health is the "contracting entity responsible for providing and overseeing" Falsetto's care. (Doc. 1 at 2.) Defendant Centene Corporation is the "parent company of Health Net Access, Inc." (Doc.

1 at 2.) Defendants Copeland Peeples Cahill and Danyale M. Schmidt appear to be employees of Health Net Access. (Doc. 1 at 2.)

Falsetto alleges Cahill was his "Case Manager" who "repeatedly failed to arrange or coordinate ADA-required services and shifted those responsibilities back to [Falsetto]." (Doc. 1 at 2.) Schmidt was Falsetto's "assigned SMI Supervisor" with "oversight authority over all case management actions." (Doc. 1 at 2.) Schmidt "directly upheld or permitted the denials and delays" at issue. (Doc. 1 at 2.) Cahill and Schmidt "acting within and on behalf of Arizona Complete Health, engaged in a persistent course of conduct that denied and obstructed access to stabilizing services." (Doc. 1 at 1.) Defendants also "failed to provide or arrange essential therapies and supports, including crisis-related respite and ongoing wellness care . . . by reason of [Falsetto's] disabilities." (Doc. 1 at 2.)

Based on these vague allegations of wrongful conduct, Falsetto appears to assert claims under the American with Disabilities Act and the Rehabilitation Act of 1973.[1] (Doc. 1 at 1.) Falsetto requests $37 million in damages and injunctive relief requiring he receive "ADA-compliant, timely, and coordinated services." (Doc. 1 at 3.)

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790, 793 (9th Cir. 1986) ("wholly vague and conclusory allegations are not sufficient" to state a plausible claim for relief.).

Regardless of the precise statutory basis for Falsetto's claims, his complaint does

---

[1] Claims under the ADA and the Rehabilitation Act are very similar. *Vinson v. Thomas*, 288 F.3d 1145, 1152 (9th Cir. 2002) ("there is no significant difference in the analysis of rights and obligations created by the [ADA and Rehabilitation Act]"). To state claims under the ADA and the Rehabilitation Act Falsetto must allege he has a disability, he is otherwise qualified to receive the benefits of the program at issue, he was denied those benefits solely because of his disability, and the program "receives federal financial assistance (for the Rehabilitation Act claim), or is a public entity (for the ADA claim)." *Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045 (9th Cir. 1999).

1    not contain sufficient "factual content" to allow "the court to draw the reasonable inference

2    that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The

3    complaint does not contain factual allegations regarding what each defendant did and why

4    Falsetto believes those actions were taken because of his disability. For example, there are

5    no allegations explaining when or how Falsetto made "specific, medically supported

6    requests," to whom he made those requests, and the actions or inactions that followed. In

7    addition, there are no allegations which might lead to an inference that the mistreatment of

8    Falsetto was because of his disability or regarding the funding/public entity status of the

9    program at issue. Although overly detailed allegations are not required, at least some

10   amount of factual development is necessary to "nudge[]" Falsetto's "claims across the line

11   from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

12          Falsetto's complaint is dismissed with leave to amend. Should he choose to amend,

13   Falsetto must set forth sufficient facts making clear "who is being sued, for what relief, and

14   on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172,

15   1177 (9th Cir. 1996). The amended complaint should include at a minimum approximate

16   dates the crucial events occurred, the actions or failures by each defendant, facts showing

17   defendants' actions were because of Falsetto's disabilities, and the funding/public entity

18   status of the programs at issue.

19   /

20   /

21   /

22   /

23   /

24   /

25   /

26   /

27   /

28   /

1    Accordingly,

2        **IT IS ORDERED** the Application (Doc. 3) is **GRANTED**.

3        **IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITH**

4    **LEAVE TO AMEND**. No later than **September 5, 2025**, plaintiff shall file an amended

5    complaint that identifies the allegedly wrongful facts taken by each defendant. The Clerk

6    of Court shall enter a judgment of dismissal with prejudice if no amended complaint is

7    filed by that date.

8        **IT IS FURTHER ORDERED** the Motion for Service (Doc. 4) is **DENIED AS**

9    **MOOT**.

10        Dated this 22nd day of August, 2025.

11

12

13    _____
        **Honorable Krissa M. Lanham**
14        **United States District Judge**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -