**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas D Falsetto,<br><br>    Plaintiff,<br><br>v.<br><br>Health Net Access Incorporated, et al.,<br><br>    Defendants. | No. CV-25-08170-PCT-KML<br><br>**ORDER** |

      Plaintiff Nicholas D. Falsetto requests an extension of time to file an amended complaint and the appointment of counsel. (Doc. 16.) The request for an extension of time is granted but the request for the appointment of counsel is denied.

      There is no constitutional right to counsel in a civil case. *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."). Although 28 U.S.C. § 1915(e)(1) grants the court limited discretion to "request" an attorney represent an indigent civil litigant such as Falsetto, appointment of counsel under this statute is appropriate only when there are "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether there are exceptional circumstances, the court considers "the likelihood of the plaintiff's success on the merits" and whether the plaintiff is able "to articulate his claims in light of the complexity of the legal issues involved." *Id.* (quotation marks and citation omitted). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Beginning with Falsetto's likelihood of success, he has not yet identified any claim on which success is likely. Falsetto has filed three complaints (Doc. 1, 9, 12), but the claims in those complaints either failed for lack of a viable legal theory or were not supported by the type of facts necessary to state a claim. The low likelihood of success on the merits weighs against appointing counsel.

As for Falsetto's ability to articulate his claims, Falsetto's filings establish he can articulate the facts and claims he wishes to pursue more clearly than many other litigants proceeding without counsel. The fact that Falsetto has not yet stated a claim on which relief might be granted does not reflect limitations on his abilities. Rather, the dismissals of Falsetto's complaint merely reflect that the underlying factual circumstances may not provide a viable basis for Falsetto to sue the named defendants. Falsetto's ability to articulate his positions weighs against the appointment of counsel.

Viewed the relevant factors together, appointment of counsel is not appropriate.

**IT IS ORDERED** the Motion for Extension of Time and Appointment of Counsel (Doc. 16) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff shall file his amended complaint no later than **December 2, 2025**. Plaintiff's request for appointment of counsel is denied.

Dated this 26th day of September, 2025.

Honorable Krissa M. Lanham
United States District Judge